UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

U.S. DISTRICT COURT
BANGOR, MAINE
RECEIVED AND FILED
2017 MAR -9 P 2: 35

BY_____
DEPUTY CLERK

NORBERT THIABAULT
    Plaintiff,
-v-
MAINE DEPARTMENT OF CORRECTIONS,
sued in its official capacity,
Commissioner JOSEPH FITZPATRICK,
Maine State Prison Warden RANDALL LIBERTY,
Director of Classification SCOTT MCCAFFERY,
JOHN DOE #1, JOHN DOE #2,
JOHN DOE #3, JOHN DOE #4, sued in their
official and individual capacities
    Defendants.

Case No.
Hon.
Mag. Judge

## COMPLAINT WITH JURY DEMAND

*Introduction*

This is a civil rights action field by Norbert Thiabault, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging a constitutional violation of his right to due process in that the State of Maine Department of Corrections has placed him into the State's Sexual Offender Registry in violation of the 5th and 14th amendments to the United States Constitution. The petitioner also alleges the state tort of discrimination.

*Jurisdiction*

1. The Court has jurisdiction over the plaintiff's claims of violation of constitutional rights under 42 U.S.C. §§ 1331(1) and 1343.
2. The Court has supplemental jurisdiction over the plaintiff's state law tort claim under 28 U.S.C. § 1367.

*Parties*

3. Plaintiff, Norbert Thiabault, was incarcerated at the Maine State Prison-Warren located at 807 Cushing Road, Warren, ME. 04864 during the events described in this complaint.
4. Defendant, the Maine Department of Corrections, hereinafter referred to as MDOC, is a state agency responsible for the safety, security, and custody of individuals convicted of crimes punishable by more than nine months of incarceration. The MDOC is also charged with the management, administration, and operation of the state-wide sexual offender registry program. The MDOC is sued in its official capacity.

5. Defendant Joseph Fitzpatrick is the Commissioner for the MDOC and is the chief executive responsible for the administration and management of the agency. He is sued in her individual and official capacity.
6. Defendant Scott McCaffery is the Director of Classification for the MDOC and is responsible for the overall classification systems and policies. He has final authority over classification decisions of all offenders in MDOC custody. He is sued in his individual and official capacity.
7. Defendant Randall Liberty is the Warden of the Maine State Prison and he is responsible for the overall operations and management of said facility. He is also responsible for decisions made by his staff members. He is sued in her individual and official capacity.
8. Defendant Tony Grant is the Institutional Classification Officer at the Maine State Prison and has authority over classification decisions made within the facility. She is being sued in her individual and official capacity.
9. Defendant John Doe #1 is an employee within the MDOC and is currently unknown to the plaintiff. John Doe #1 is being sued in his/her individual and official capacity.
10. Defendant John Doe #2 is an employee within the MDOC and is currently unknown to the plaintiff. John Doe #2 is being sued in his/her individual and official capacity.
11. Defendant John Doe #3 is an employee within the MDOC and is currently unknown to the plaintiff. John Doe #3 is being sued in his/her individual and official capacity.
12. Defendant John Doe #4 is an employee within the MDOC and is currently unknown to the plaintiff. John Doe #4 is being sued in his/her individual and official capacity.
13. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

*Facts*

14. On or about November 15, 2016, petitioner appeared before the Unit Team for his regularly scheduled classification and custody hearing. Petitioner was informed that he is ineligible for minimum custody status because he had previously been **charged** with a crime that has been classified as a sexual based-offense by the MDOC. He was further informed that departmental policy thus prohibited him from attaining minimum custody status.
15. Petitioner filed a classification appeal with Scott McCaffery on November 22, 2016 challenging the legality of the department's policies and requesting that his status as a sexual offender be removed from his record.
16. On January 11, 2017, Petitioner received a response from Scott McCaffery informing him that the Department has decided that "any prisoner who has been convicted of or formally charged as an adult with any sex offense may not be transferred to a minimum security facility unless the prisoner, if male, has completed the intensive phase of a Department residential sex offender treatment program…"
17. Petitioner filed a letter with Warden Randall Liberty on or about November 15, 2016 formally requesting that he be removed from the sex offender registry and that any

decision about his custody status not be permitted to be based on conduct for which he was only charged. The Warden has not to date responded to the Petitioner's letter.
18. Petitioner filed a grievance at the Maine State Prison on or about November 22, 2016 grieving the legality and constitutionality of the Department's policies and decisions. The Grievance Review Officer dismissed Petitioner's complaint citing that separate avenues challenging his classification decision were to be utilized.

*Exhaustion of Administrative Remedies*

19. Petitioner has pursued and exhausted all possible avenues for administrative remedies with regard to the issues presented in this complaint.

*Claims for Relief*

20. The actions of defendant MDOC in illegally classifying Petitioner as a sexual offender without due process is done discriminatorily, in violation of the 5th and 14th amendment, and fails to afford Petitioner his constitutional rights of liberty.
21. The actions of defendants Fitzpatrick, Liberty, Grant, and McCaffery in implementing departmental policies and practices within the MDOC amounted to causing discriminatory and prejudicial restrictions on Petitioner's constitutionally protected right to seek a favorable classification status, a right afforded to the rest of the prison population.

*Relief Requested*

A. Issue a declaratory judgment stating that:
   1. The discriminatory policies of Defendants MDOC, Fitzpatrick, Liberty, McCaffery, Grant, and Does #1-4 violated the plaintiff's rights under the 4th and 15th amendments to the United States Constitution and constituted discrimination under state law.
B. Issue an injunction ordering defendant Maine Department of Corrections and its agents to:
   1. Immediately implement policies that prevent the state from improperly disenfranchising prisoners by citing criminal charges without due process from the right to seek favorable classification decisions
C. Award compensatory damages in the following amounts
   1. $300,000 jointly and severally against defendants Fitzpatrick, Liberty, McCaffery, Grant, and John Doe's #1-4 resulting from their negligent and discriminatory denial of petitioner's constitutional rights
D. Award Punitive damages in the following amounts:
   1. $50,000 against defendant Fitzpatrick
   2. $40,000 against defendant McCaffery
   3. $30,000 against defendant Liberty
   4. $20,000 against defendant Grant
   5. $10,000 each against each defendant John Doe 1-4

E. Grant such other relief as it may appear the plaintiff is entitled.

Date: 2-24-2017

Respectfully Submitted,

Norbert Thiabault
Maine State Prison
807 Cushing Road
Warren, ME. 04864